# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANTONIO CHOY-TIMANA,<br><br>Defendant. | Case No.: 18mj3200 AJB<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

This matter comes before the Court on Defendant's Notice of Appeal to the District Court. This appeal is timely, and this Court has jurisdiction. *See* 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2)(B).[1]

## BACKGROUND FACTS

On June 10, 2018, Defendant was arrested about 3 miles north of the international border and around 22 miles east of the Tecate Port of Entry (ECF Doc. 1, Page 2.) Defendant stated that he is a citizen of Mexico with no legal right to enter the United States on that date. *Id.*

---

[1] Appellant's reference to jurisdiction for this appeal to Rule 7 of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrate Judges is in error. That Rule was abrogated in 1990 with the adoption of Rule 58 of the Federal Rules of Criminal Procedure.

1

On June 11, 2018, a complaint was filed charging that Defendant "an alien, did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325(a)(2)." *Id.*

On June 15, 2018, Defendant, represented by counsel, entered a plea of guilty to a violation of 8 U.S.C. § 1325(a)(2) before the United States Magistrate Judge[2]. At the time of the plea, the Magistrate Judge informed Defendant of his rights in conformity with Rule 11(b) of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.) and Fed. R. Crim. P. 58. The Magistrate Judge informed Defendant of the elements of the charge and the maximum penalties[3]. (ECF Doc. 22[4] at 33 lines 8–15, and 34 lines 22–25.) No objection was raised to the described elements by defendant or his counsel.

As a factual basis for the plea, Defendant admitted, by agreeing with his counsel's rendition, that he was not a citizen of the United States and that he "entered the United States from Mexico, through the hills, and was discovered 3 miles north of the United States and Mexico border and about 22 miles east of the Tecate Port of Entry. (ECF Doc. 22 at 36 lines 8–22.) The Magistrate Judge found the plea was made knowingly and voluntarily with a full understanding of the nature of the charge, Defendant's rights, and the consequences

---

[2] Counsel continuously refer to the "Magistrate Judge" as the "Magistrate," and to a "Magistrate Court." The proper title of the judicial officer is "Magistrate Judge" and Counsel are directed to address the judge and other magistrate judges according. *See,* 28 U.S.C. § 631(1968 Historical and Statutory Notes). There is no "Magistrate Court" in the context of a jurisdictional entity. Magistrate Judges are part of the District Court and derive their authority through statute, rule and referral by the United States District Judges. A United States Magistrate Judge is a judicial officer of the United States District Court . . . Magistrate judges serve as adjuncts to the Article III district courts and not as Article I judges. Congress has clearly provided that a magistrate judge's role is to assist Article III judges rather than serve as a substitute judge or lower tier court." Inventory of United States Magistrate Judge Duties 3rd, Administrative Office of the Courts, 1999 at p. 1.

[3] The recitation of the elements took the form of reading the statute, 8 U.S.C. § 1325(a). (ECF Doc, 22 at 33.) This reading including the alienage requirement and then the three alternate ways to violate the statute, discussed more fully herein, but including, "eluding examination or inspection by immigration officers."

[4] All Page Numbers are from the ECF Documents not the originally filed documents.

of the plea. The magistrate judge found "that there is factual basis for the plea" and accepted the plea. *Id*. at 38 line 12-23. No objections to the plea were raised.

The magistrate judge entered a judgment imposing a sentence of time served and Defendant was released from custody. On June 27, 2018, Counsel for Defendant filed a Notice of Appeal from the Judgment entered by the Magistrate Judge. (ECF Doc.14.) Defendant contends that the Magistrate Judge failed to properly advise Defendant of the elements of the offense, and failed to determine a sufficient factual basis for the plea, all in violation of Rule 11 of the Federal Rules of Criminal Procedure.

Defendant contends that the crime of eluding examination pursuant to 8 U.S.C. § 1325(a)(2) can only occur at a place designated for entry and that the factual basis for his plea established that he entered at a non-designated place. Defendant contends that a non-citizen crossing into the United States miles away from a port of entry has avoided examination but has not "eluded" examination. Defendant asserts that entering the United States at a non-designated place may violate § 1325(a)(1) but cannot violate § 1325(a)(2). Defendant asserts that he is innocent of eluding examination in violation of § 1325(a)(2) because the factual basis for his conduct establishes that he entered the United States at a non-designated place. Defendant contends that the crime cannot be committed unless he successfully eluded examination, and contends that the factual basis failed to establish that he crossed into the United States free from official restraint. Finally, Defendant contends that the Government must prove that he intentionally eluded examination or inspection, suggesting that the crime requires specific intent.

Furthermore, Defendant contends that the United States must prove that the Rule 11(b) errors were harmless because this appeal presents a pure question of law. Defendant contends that the Court must vacate his guilty plea and remand this case to the Magistrate Judge for further proceedings.

Plaintiff United States contends that Defendant's admission that he was not a citizen of the United States and that he intentionally crossed the international border in an area somewhere near the Tecate Port of Entry properly formed the factual basis for a violation of

3

§ 1325(a)(2). Plaintiff United States asserts that statutory text and case law do not require that eluding examination in violation of § 1325(a)(2) occur at a designated port of entry. Plaintiff United States further contends that the official restraint doctrine is required for the purposes of proving an entry in immigration offenses and that entry is not required in order to prove § 1325(a)(2) violation. Plaintiff United States contends that review in this case is for plain error because Defendant did not object to the factual basis at the time of the plea and affirmatively concurred in the factual basis. Finally, Plaintiff United States contends that a § 1325(a)(2) offense requires only general intent.

In the end, Plaintiff United States contends that the claim of a Rule 11 error in this case is, at best, a mixed question of law and fact reviewed for plain error. Plaintiff United States contends that a timely objection to the factual basis would have prompted the prosecutor to add more facts detailing the entry and that plain error is the proper review when the opportunity to correct an error is lost because of the lack of an objection.

## RULING OF THE COURT

The issues in this case are being litigated in many, many cases in this district at this time. The Court has found the rulings of its colleagues persuasive and on point. In particular, the Court finds Judge William Q. Hayes' analysis in his order in *United States v. Rafael Flores-Ramos*, 18MJ2665 WQH, 2018 WL 3833488 (S.D. Cal. Aug. 13, 2018), helpful, and adopts much of the text of that order herein.

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U. S. C. § 3402. Rule 58(g)(2)(B) of the Rules of Criminal Procedure provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). Defendant filed a timely appeal claiming a violation of the requirements of Federal Rule of Criminal Procedure 11(b)(3).

Rule 11(b)(3) states, "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim P. 11(b)(3). The court

4

18mj3200 AJB

must also advise the defendant of the "nature of the charges" (what we euphamisitically refer to as the elements of the charge.) Fed. R. Crim. P. 11(b)(1)(G). In this case, the Magistrate Judge reviewed the factual basis with Defendant and all counsel in open court, and as stated the statute was read. Defense Counsel and did not raise any objection in these regards. The Magistrate Judge found a factual basis for the plea and accepted the plea. Defendant did not object at the time of sentencing to any aspect of the plea or sentencing. "To obtain a reversal of a conviction based on Rule 11 error, the defendant must show, based upon the entire record, that the error affected his substantial rights." *United States v. Monzon*, 429 F.3d 1268, 1271-72 (9th Cir. 2005). Defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (internal quotation marks and citations omitted). While the reviewing court generally applies a plain error review if Defendant fails to raise an objection below, Defendant's claim that a violation of § 1325(a)(2) must be committed at a Port of Entry presents a legal issue. If Defendant is correct, the conviction has no factual basis.

> 8 U.S.C. § 1325(a) imposes criminal penalties on any alien
>
> Who (1) enters . . . the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) . . . obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact . . . .

"By its terms, Section 1325 is violated only if the alien 'enters' or 'obtains entry to' the United States ((1), (3)) or if the alien 'eludes examination or inspection by immigration officers' ((2))." *United States v. Oscar*, 496 F.2d 492, 493 (9th Cir. 1974). The statutory language in § 1325(a)(2) does not limit the conduct of eluding examination or inspection to a designated port of entry. Defendant cites no case law which limits the application of § 1325(a)(2) to a designated port of entry.

In evaluating the adequacy of a Rule 11 colloquy, the court examines the record of the plea proceeding itself. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006). In evaluating the requirements of Rule 11(b)(3), the court determines whether the admissions at the time of the plea "established on the record that there is sufficient evidence to support the conclusion that the defendant is guilty." *Id.* (quoting *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983)). In this case, Defendant's admissions that he was not a citizen of the United States and that he "entered through the hills and was discovered 50 yards north of the United States and Mexico Border and about 25 miles east of the Tecate Port of Entry." (ECF No. 21 at 28 lines 10–19) satisfied the requirement that the court must determine that "there is a factual basis for the plea." Fed. R. Crim P. 11(b)(3). There is no requirement in § 1325(a)(2) that the act of eluding examination or inspection by an immigration officer take place at a designated port of entry. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979) ("Because these examinations and inspections are to take place at the time of entry, a fixed point in time, this suggests that the offense described by § 1325(2) is consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations."). Defendant's admission that he crossed the international border intentionally somewhere near the Tecate Port of Entry is sufficient evidence to support the conclusion that he was guilty of the offense of eluding examination or inspection by an immigration officer.

The conclusion that a violation of § 1325(a)(2) does not require eluding inspection at a designated port of entry does not render § 1325(a)(1) prohibiting entry at a place other than designated by immigration officials "superfluous, void or insignificant." (ECF No. 18 at 10 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001))). In order to prove a violation of § 1325(a)(1), the Government is required to prove an entry at any time or place other than as designated by immigration officers. "[F]or immigration purposes, 'entry' is a term is art requiring not only physical presence in the United States but also freedom from official restraint." *United States v. Argueta-Rosales*, 819 F.3d 1149, 1158 (9th Cir. 2016). A violation of § 1325(a)(2) does not require proof of an entry and does

not require proof that Defendant was free from official restraint. Consequently, a plea of guilty to a violation of § 1325(a)(2) does not require Defendant to admit facts to support the conclusion that he was free from official restraint. The offense described in § 1325(a)(2) requires facts to support the conclusion that an alien has eluded examination and inspection by immigration officers. The offense in § 1325(a)(1) and the offense in § 1325(a)(2) may include conduct that can partially overlap but the offenses do not completely overlap such that one is superfluous. *See United States v. Carona*, 660 F.3d 360, 369 (9th Cir. 2011) ("It should not be surprising that statutes are not necessarily written so that one and only one can apply at a time. To the contrary, statutes often contain overlapping provisions.").

Defendant's argument that the government must prove that he successfully eluded examination is not supported by the law in this Circuit. *United States v. Rincon-Jimenez,* 595 F.2d 1192, holding, "the offense described by § 1325[(a)](2) is consummated at the time the alien gains entry *through an unlawful point* and does not submit to the required examinations." *Id.* at 1193–94 (emphasis added). In *Rincon-Jimenez*, defendant had entered by traversing the beach between Tijuana and San Ysidro late at night. The plain reading of the charging statute leaves no doubt that such an element was not contemplated by Congress.

Next, defense counsel argues that even if Mr. Choy knowingly entered the United States illegally, eluding examination and inspection by immigration officers, this basis was insufficient because there was no inquiry into whether this was done intentionally. Although subsection (a)(3) of § 1325 requires that the individual wilfully make a false or misleading representation or wilfully conceal a material fact, subsection (a)(2) has no similar intent requirement. Nor has the Ninth Circuit read such a requirement into the statute's text. *See Rincon-Jimenez*, 595 F.2d 1193–1194. As the Ninth Circuit succinctly put it, "the offense described" by subsection (a)(2) "is consummated at the time an alien gains entry though an unlawful point and does not submit to . . . examinations" required by law. *Id.* Defense counsel is reading requirements into the statute that simply do not exist.

7

Finally, the argument that *Rincon-Jimenez "consummation"* finding stated above means that the government must prove "entry" as an element of the crime, defies principles of statutory interpretation. We must give plain meaning to the text and not engage in interstitial law making. Congress would simply know how to include "entry" as an element in (a)(2) if that was their intent, as it clearly was in (a)(1) and (3). In addition, Rincon-Jimenez was not defining the elements of the (a)(2) offense, but rather was considering whether the statute could be considered a "continuing offense." The Court found it was not, and in applying the statute of limitations, found the prosecution barred.

As to the claim that the Defendant was misled by a misstatement of the elements, Defendant's position is untenable. Without case authority or a statement in the record in support, this claim is made. While it may lack certain elegance to read the disjunctive parts of the statute, it was done so correctly and included part (a)(2) the specific provision Defendant faced. The discussion of what the facts were, as stated by Defense counsel, and fully adopted by Defendant, were clear. While Rule 11 imposes strict requirements on what information the district courts must convey and determine before they accept a plea, it does not ... tell them precisely *how* to perform this important task in the great variety of cases that ... come before them." *United States v. Maher*, 108 F.3d 1513, 1520 (2d Cir. 1997) (emphasis in original) (internal quotation marks omitted). "What is essential ... is that the court determine by some means that the defendant actually understands the nature of the charges." *Id.* at 1521. And "[i]n all such inquiries, matters of reality, and not mere ritual, should be controlling." *McCarthy v. United States,* 394 U.S. 459, 465, (1969.)

In the final analysis was Defendant's rights substantially affected? Or, more precisely, would Defendant not plead guilty and give up his time served deal, if only the eluding element was read? The record is silent but the inference is clear.

This Court concludes that no error occurred in the plea colloquy in this case concerning the nature of the offense or the sufficiency of the facts supporting the plea. Even if there were, no prejudice to the defendant is established. Any error would be evaluated as plain error in this case, as no objections were raised at the time of the

8

challenged events. Defendant got what he bargained for, a conviction under 1325(a)(2), and a time served sentence.

**IT IS HEREBY ORDERED** that Defendant's Notice of Appeal to the District Court pursuant to 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2)(B) is denied. Defendant's conviction is affirmed.

Dated: August 28, 2018

Hon. Anthony J. Battaglia
United States District Judge